UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MAXIMILIANO SILEONI,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>DIRECTOR JOSH TEWALT, WARDEN VALLEY, DEPUTY YOUNG, T. PETERSON, K. WAGNER, and R. SIEGERT,<br><br>　　　　　　Defendants. | Case No. 1:25-cv-00468-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

　　　　Plaintiff Maximiliano Sileoni (Plaintiff), a prisoner and pauper, has filed an Amended Complaint and a Motion to Proceed in Forma Pauperis. Dkts. 2, 5. Because of Plaintiff's status as a prisoner, the Court must review the Complaint to determine whether it states a claim upon which he can proceed. *See* 28 U.S.C. §§ 1915 and 1915A. In addition, because Plaintiff has accrued three strikes under 28 U.S.C. § 1915(g), he must fulfill other statutory requirements to proceed in forma pauperis.

　　　　The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. To state a claim under the Eighth Amendment, Plaintiff must state facts showing that he is "incarcerated under conditions posing a substantial risk of serious harm," as a result of Defendants' actions—which is analyzed under an objective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). Plaintiff must also allege facts showing that Defendants were deliberately indifferent to his

needs—analyzed under a subjective standard.

As to the objective standard, the medical need must be "serious." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (internal citation and punctuation omitted); *McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

As to the subjective factor, to violate the Eighth Amendment, a prison official must act in a manner that amounts to deliberate indifference, which is "more than ordinary lack of due care for the prisoner's interests or safety," but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. Deliberate indifference exists when an "official knows of and [recklessly] disregards an excessive risk to inmate health or safety," which means that an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. A constitutional tort requires a showing of subjective deliberate indifference by facts demonstrating that the defendant acted deliberately, intentionally, or so recklessly that the conduct can be equated with a desire to inflict harm. *See id.* at 835-38.

Medical malpractice alone will not support a claim for relief under the Eighth Amendment. *Broughton v. Cutter Lab*, 622 F.2d 458, 460 (9th Cir. 1980). Likewise, gross negligence and ordinary negligence are not actionable under § 1983, because such actions are not an abuse of governmental power, but rather a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat.

1321 (1996), contains a "three strikes" provision that precludes a prisoner from filing lawsuits or appeals in forma pauperis if he has previously filed three other actions in federal court that were dismissed on the grounds of frivolousness, maliciousness, or failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(g).

The only exception is that a prisoner with three strikes may be permitted to file an in forma pauperis action if he appears to be "under imminent danger of serious physical injury." *Id*. If he is not in such danger, then he must pay the $405 filing fee at the time of filing.

Plaintiff's case history shows that, prior to the date he filed the Complaint in this action (August 14, 2025), more than three of his civil actions were dismissed for failure to state a claim or frivolousness. As a result, he is subject to the three strikes rule under 28 U.S.C. § 1915(g).

Plaintiff's prior cases that fit within the § 1915(g) prohibition are as follows:

1) Case No. 20-cv-00500-DCN, *Sileoni v. State of Idaho*, was dismissed as frivolous on December 7, 2020. Dkt. 7.

2) The appeal from dismissal of Case No. 20-cv-00500-DCN was also determined to be frivolous and is counted separately. Dkt. 15.

3) Case No. 20-cv-00501-BLW, *Sileoni v. ISCI Paralegal*, was dismissed for failure to state a claim on April 20, 2021. Dkt. 9.

4) Case No. 20-cv-00502-DCN, *Sileoni v. Thomson*, was dismissed for failure to state a claim on June 3, 2021. Dkt. 18.

5) Case No. 20-cv-00508-BLW, *Sileoni v. IDOC Staff*, was dismissed as frivolous on January 1, 2021. Dkt. 15.

Plaintiff is aware of his three-strikes status and is attempting to proceed under the imminent danger exception. He asserts that Defendants have not treated his bladder,

enlarged prostrate, and urination issues, causing him pain every day, in violation of the Eighth Amendment to the United States Constitution.

Plaintiff has attached a grievance form dated July 17, 2025, that shows during the month of May 2025, Plaintiff had testing for every symptom or concern he cites in the Amended Complaint. Dkt. 5-1 at 2. He had a normal ultrasound result for his renal system, urinary, bladder, and prostate. His pain urination had been resolved with antibiotics. A bladder scan showed that his bladder did not remain full after urination, showing he experienced normal voiding of urine. He was urged to drink more fluids during the day. He was asked to file another Health Services Request form if his symptoms worsened.

Plaintiff has not submitted to the Court another Health Services Request form showing that his symptoms worsened. Rather, the record reflects that all of Plaintiff's concerns were adequately addressed by the IDOC medical unit.

Plaintiff will be given leave to submit his additional Health Service Requests to show that his condition has worsened and that it has gone untreated. He must also submit any further grievances and grievance appeals to show that he alerted the IDOC medical unit that his symptoms worsened, but they have gone untreated. More recent forms will not be analyzed for exhaustion purposes, but to determine whether Plaintiff is in imminent danger of serious harm. The Court will also order prison medical staff to provide Plaintiff with a copy of his most recent medical records showing treatment for these issues. Plaintiff may provide all of this information attached to a supplement to his amended complaint, explaining why his current treatment for these conditions equates to

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

cruel and unusual punishment.

## ORDER

**IT IS ORDERED:**

1. Plaintiff may supplement the record with medical records, health service request forms, concern forms, grievances, or other documents to show that his symptoms have changed since his treatment that is described on his exhibits to the Amended Complaint. He may also file a brief of no more than 10 pages in explanation of his current medical condition and recent medical care. These items must be filed within **45** days after entry of this Order.

2. Plaintiff's Motion to Proceed in Forma Pauperis (Dkt. 1) is DENIED as moot, pending review of the response to this Order.

3. IDOC prison medical staff shall cooperate with Plaintiff to provide him with a copy of two month's prior medical records regarding his bladder, prostrate, and urination issues.

DATED: March 9, 2026

David C. Nye
U.S. District Court Judge